**HANG YANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

No. 08–2845–ag.

United States Court of Appeals, Second Circuit.

June 9, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Office of Immigration Litigation, Andrew B. Insenga, Trial Attorney, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. RICHARD C. WESLEY, Circuit Judges.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder Jr. is substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

## SUMMARY ORDER

Petitioner Hang Yang, a native and citizen of the People's Republic of China, seeks review of the May 20, 2008 order of the BIA affirming the June 26, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Hang Yang*, No. A79 683 151 (B.I.A. May 20, 2008), *aff'g* No. A79 683 151 (Immig. Ct. N.Y. City June 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both decisions—or, more precisely, the we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

The agency's adverse credibility finding is supported by substantial evidence. Yang's testimony was found to be inconsistent with regard to the dates and circumstances under which he was allegedly arrested and threatened for practicing Falun Gong. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (we will not generally disturb an adverse credibility finding based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution").

Further, Yang's testimony was found to be implausible because, though he claimed to be a Falun Gong practitioner, he was unable to demonstrate any exercises and lacked a clear understanding of basic Falun Gong tenets. *See Ying Li v. BCIS*, 529 F.3d 79, 82 (2d Cir.2008) ("When an adverse credibility finding is based partly or entirely on implausibility, we review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized."); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

Yang argues that the agency erred by failing to consider evidence of his mental impairment in determining the credibility of his testimony, and by admitting into evidence a consular report without assessing its reliability or providing him with an opportunity rebut its conclusions. *See Balachova v. Mukasey*, 547 F.3d 374, 383–84 (2d Cir.2008) (holding that, to rely on a consular report, the agency must first assess the reliability of the report and accord the applicant an opportunity to explain any inconsistencies). However, the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the IJ, and the IJ's adverse credibility determination was clearly supported by substantial evidence. Accordingly, the agency did not err in its consideration of Yang's mental impairment. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006).

Yang's argument as to the reliability of the consular report is unavailing because his testimony alone would support the agency's adverse credibility determination. *See id.* at 338.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti-

tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).